FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY VICTOR KNOX,<br><br>    Petitioner,<br><br> v.<br><br>JEFFEREY A. PERKINS,<br><br>    Respondent. | NO: 2:25-CV-0480-TOR<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT is Petitioner's Response, ECF No. 6, to the Court's Order to Show Cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d), ECF No. 5. Petitioner, an individual incarcerated at the Coyote Ridge Correction Center, is proceeding *pro* se and has paid the $5.00 filing fee.

Petitioner challenges a 2000 jury conviction for rape of a child in the first degree. ECF No. 1 at 1. His conviction was affirmed on appeal on March 6, 2001, and he sought no further review to the Washington State Supreme Court. *Id.* at 2.

Petitioner contends that he should not be subject to the time-bar under the

ORDER DISMISSING ACTION -- 1

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  ECF No. 6 at 1.  He asks the Court to compel the Respondent to respond to his petition under Habeas Rule 5 and to conduct a *Stone* hearing under Habeas Rule 8.  *Id.* at 1 and 12.  Petitioner cites to various cases but provides nothing from which the Court could infer that these cases apply to the circumstances of his case or excuse the untimeliness of his petition.  *Id.* at 2–3.

Petitioner appears to assert a statutory basis to delay the commencement of the federal limitations period under 28 U.S.C. § 2244(d)(1)(D), and he cites to *McQuiggin v. Perkins,* 569 U.S. 383, 389 (2013).  ECF No. 6 at 2.  In *McQuiggin*, the Supreme Court held that a credible showing of actual innocence constitutes an exception to the AEDP's statute of limitation.  *McQuiggin,* 569 U.S. at 396–97.  Petitioner has made no such credible showing.

Petitioner asserts that within the previous year, he learned from discussions with other incarcerated persons that he had claims of ineffective assistance of appellate counsel.  ECF No. 6 at 4.  He states that throughout the years, other inmate advisers were "ungifted in reading the law" which accounted for the delay.  *Id.*  Unfortunately, these assertions will not delay the commencement of the federal limitations period.

Under the AEDPA, the running of the one-year period may be delayed until "the date on which the facts supporting the claim or claims presented could have

ORDER DISMISSING ACTION -- 2

been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Any pertinent facts (i.e., Petitioner's attorney's alleged inaction by failing to engage his participation in his appeal), were either known by Petitioner, or could have been discovered with due diligence, more than twenty years ago. It is irrelevant that Petitioner did not understand the legal significance of those facts until recently. Petitioner's acquisition of a legal basis to challenge his conviction does not trigger the running of the limitations period. *See e.g. Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) (rejecting petitioner's assertion that the one-year period begins when he "actually understands what legal theories are available"). Therefore, the Court finds no basis to defer the commencement of the AEDPA limitations period under Section 2244(d)(1)(D).

Petitioner also appears to assert a statutory basis to delay the commencement of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B). *See* ECF No. 6 at 7. Section 2244(d)(1)(B) provides that the AEDPA statute of limitations does not begin to run until:

> [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

Petitioner argues that he was deprived of competent appellate counsel when counsel failed to inform him "of what was possible to appeal nor of the substance of what was appealed until ex-post facto. ECF No. 6 at 7 (as written in original).

ORDER DISMISSING ACTION -- 3

Petitioner presents no facts from which the Court could plausibly infer that the state prevented him from filing on time.  An attorney is not a state actor when he "perform[s] a lawyer's traditional function[ ] as counsel to a defendant in a criminal proceeding." *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981).  Further, ineffective assistance of counsel is "not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007); *see e.g. Pearce v. McNeil*, No. 4:08cv156, 2008 WL 4057760, *3 (N.D.Fla. Aug. 22, 2008) ("It is inconceivable that lack of advice regarding a state court direct appeal would ever *prevent* the filing of a § 2254 habeas petition in *federal* court. There is a difference between not knowing about the existence of a claim, which frequently happens, and an actual impediment that prevents the claim from being filed.") (emphasis in original).

Petitioner has failed to demonstrate a statutory basis to delay the commencement of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B) – (D).  The habeas corpus petition, received on November 19, 2025, is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

Accordingly, **IT IS ORDERED:**

1. This action is **DISMISSED with prejudice.**

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

ORDER DISMISSING ACTION -- 4

The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file.

**DATED** January 26, 2026.



THOMAS O. RICE
United States District Judge